WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,            )
          Plaintiff,            )
                            )  CR 09-1706 TUC DCB (GEE)
v.                                   )
                            )  **O R D E R**
Christina Marie Moreland,            )
          Defendant,            )
_____)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence.

On June 4, 2010, Magistrate Judge Glenda E. Edmonds issued a R&R in regard to Defendant's Motion to Suppress Evidence Due to Lack of Reasonable Suspicion. Magistrate Judge Edmonds found there were facts, when taken in their totality and in combination with the agent's observation of burlap bundles in the car, that created a reasonable suspicion the Defendant had marijuana in her vehicle. (R&R at 6.) The Magistrate Judge found there was reasonable suspicion for the stop and recommends that the Court deny the Motion to Suppress the evidence.

The only objection to Judge Edmond's R&R was filed by Defendant. She argues that as a matter of law none of the facts relied on by the agent raised a reasonable suspicion to support the stop and according to the testimony of her expert, the agent was not in a vantage point to see nor did he have time or opportunity to see any bundles.

/////
//////

| | |
|---|---|
| 1 | STANDARD OF REVIEW AND CONCLUSION |

The duties of the district court in connection with a R&R are set forth in Rule 59(b)(3) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the objections.

1  The Defendant criticized Agent Jose Vidales' reliance on subjective factors like the
2  Defendant's failure to make eye-contact with him, and relied on *United States v. Rodriguez*,
3  976 F.2d 592 (9th Cir. 1992), where the Ninth Circuit found insufficiency to establish
4  reasonable suspicion based on a combination of many of the same factors relied on by Agent
5  Vidales, such as: 1) the location was a notorious alien smuggling route; 2) the defendant did
6  not acknowledge the agents, 3) the car was the kind which could be used for smuggling, 4)
7  the defendant looked at the agents several times in his rear view mirror, and 5) the car
8  appeared to be heavily loaded.  In *Rodriguez*, the agent also considered that the defendant
9  was Hispanic.  Defendant argues that "officers cannot base 'reasonable suspicion upon broad
10 profiles which cast suspicion on entire categories of people without any individualized
11 suspicion of the particular person to be stopped.'" (Objection at 6.)

12 Here, however, there were additional factors which raised individualized suspicion as
13 to the particular Defendant.  It was about 9 or 9:15 in the morning when Agent Vidales first
14 observed three vehicles traveling in tandem in the same lane with less than a car length
15 between them.  "Rush hour" was over on this rural stretch of interstate, and these three
16 vehicle traveling in this fashion was unusual and suggested drug activity because drug
17 traffickers often transport loads in this fashion with look-out and decoy vehicles, and the load
18 vehicle in the center.  (Transcript of Record, Hearing 2/9/20, (TR) at 15-16.)

19 When Agent Vidales began following the vehicles, Defendant's Dodge vehicle, the
20 middle vehicle, reduced speed drastically and was not maintaining lane control.  The tail
21 vehicle, the SUV, sped up and got in front of Agent Vidales.  The front vehicle, the town car
22 broke off some time after Agent Vidales passed it and disappeared from the roadway.  *Id.* at
23 17-22.

24 While there was some confusion as to what Agent Vidales saw in the back seat of the
25 Dodge, Agent Vidales unequivocally testified that as he passed the Dodge he could see
26 clearly a burlap bundle sticking up between the driver and passenger seats.  *Id.* at 22.  He also
27 testified that at some point he exited onto the frontage road and waited for the Dodge and
28 SUV to pass him, and when they did he again saw the burlap bundle.  *Id.* at 23-24.

This testimony was not challenged by Defendant's expert, who testified that from the stationary point where Agent Vidales first observed the three vehicles pass him, Agent Vidales would not have been able to see nor have time to see the burlap bundle in the car. It does not matter how many bundles were in the back seat or whether Agent Vidales saw them in the back seat or sticking up between the two front seats. The pictures reflect the degree of tinting on the car windows and that a large amount of marijuana was stuffed into a Dodge Stratus, which is a medium sized four door sedan. Like Magistrate Judge Edmonds, this Court concludes that this large amount of marijuana stuffed into burlap bags would have to have been stacked in the Dodge in such a way that an experienced officer might very will have seen them as he drove along side the Dodge to observe it. Magistrate Judge Edmonds found that adding the agent's observation of the burlap bundles to the totality of the other circumstances gave Agent Vidales reasonable suspicion to stop the Defendant's vehicle. The Court agrees. (R&R at 5-6.)

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motion to Suppress. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress Evidence.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objection, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 23) is DENIED.

/////
/////
/////
/////
/////

1     **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge
2 Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in
3 accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of
4 Practice for the United States District Court, District of Arizona (Local Rules).

5     DATED this 30th day of June, 2010.

                                                David C. Bury
                                           United States District Judge